CV 11 ON — 3474

ADR FCC MEJ

**JS 44** (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

PHONEDOG, LLC, a Delaware corporation,

## DEFENDANTS

NOAH KRAVITZ, an individual,

**(b)** County of Residence of First Listed Plaintiff CHARLESTON
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ALAMEDA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

JOHN C. KIRKE, ESQ.
DONAHUE GALLAGHER WOODS LLP
1999 HARRISON STREET, 25TH FLOOR
OAKLAND, CA 94612

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [X] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [X] 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 862 Black Lung (923) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| | | | [ ] 790 Other Labor Litigation | | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | Security Act | | Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff | [ ] 900 Appeal of Fee |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | or Defendant) | Determination |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party | Under Equal Access |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities – | [ ] 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | to Justice |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities – | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | State Statutes |
| | Other | | Alien Detainee | | |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332(a)

Brief description of cause:
Conversion of business property and misappropriation of trade secrets.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE
- [ ] EUREKA

DATE
July 15, 2011

SIGNATURE OF ATTORNEY OF RECORD

E-filing

1 | JOHN C. KIRKE, #175055
SOPHIA E.C. SCHWARTZ, #272915
2 | DONAHUE GALLAGHER WOODS LLP
Attorneys at Law
3 | 1999 Harrison Street, 25th Floor
Oakland, California 94612-3520
4 | P.O. Box 12979
Oakland, California 94604-2979
5 | Telephone: (510) 451-0544
Facsimile: (510) 832-1486
6
Attorneys for Plaintiff
7 | PHONEDOG, LLC

FILED

JUL 1 5 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

8

9 UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA

11

C11-03474 MEJ

12 | PHONEDOG, LLC, a Delaware
corporation,
13
Plaintiff,
14
v.
15
NOAH KRAVITZ, an individual,
16
Defendant.
17

CASE NO.

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF;
MISAPPROPRIATION OF TRADE
SECRETS; INTENTIONAL
INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; NEGLIGENT
INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; AND
CONVERSION**

18 **[JURY TRIAL DEMANDED]**

19

20

21

22

23

24

25

26

27

28

Plaintiff PHONEDOG, LLC, ("PhoneDog") alleges as follows:

## JURISDICTION

1.      Plaintiff PhoneDog, LLC is a Delaware Corporation with its principal place of business in Mount Pleasant, South Carolina.

2.      Defendant Noah Kravitz ("Defendant") is a citizen of California residing in this judicial district.

3.      This court has original jurisdiction under 28 U.S.C. § 1332(a), in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, $75,000.

## VENUE

4.      Venue is proper in this district by virtue of 28 U.S.C. § 1391(a).

## THE PARTIES

5.      Plaintiff PhoneDog is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of South Carolina.

6.      Defendant is and at all times relevant, was a citizen of California residing in Alameda County, California.

## FACTUAL ALLEGATIONS

7.      PhoneDog was created on or around August 1, 2001.

8.      PhoneDog is, and at all times relevant hereto was, a highly interactive mobile news and reviews web resource.  PhoneDog reviews the latest mobile products and services across all carriers and platforms, and provides users the resources needed to research, compare prices, and shop from those providers that fit their needs.

9.      PhoneDog's website attracts approximately 1.5 million visitors each month. PhoneDog's videos reach an average audience of 3 million viewers per month.  PhoneDog uses a variety of social media, including Twitter, Facebook, and YouTube to market and promote its services.

10.     There are many details of PhoneDog's relationships with its users that are not generally known or readily accessible to the public or PhoneDog's competitors.  PhoneDog

-1-

1    derives independent economic value from this information, which it has developed through many

2    years of substantial time, effort, expense, research, and communication with its users.

3         11.    PhoneDog has taken and continues to take reasonable efforts to maintain the

4    secrecy of this proprietary information, including restricting access to, and distribution of, this

5    confidential information only to employees who need this information to perform their jobs.

6         12.    This confidential information includes, but is not limited to, the following: the

7    passwords to PhoneDog's Twitter accounts, including all @PhoneDog_NAME Twitter accounts

8    used by PhoneDog's employees (collectively, the "Confidential Information").

9         13.    The Confidential Information is not generally known or readily accessible, and is

10   maintained in confidence by PhoneDog, with limited access provided to employees on a need to

11   know basis.  PhoneDog has at all times taken reasonable steps to protect such Confidential

12   Information from being stolen or misused.  The Confidential Information would be of substantial

13   value to PhoneDog's competitors if it became known to them.

14        14.    PhoneDog employed Defendant as a product reviewer and video blogger

15   beginning on or around April 13, 2006.  As part of Defendant's employment with PhoneDog,

16   Defendant submitted written and video content to PhoneDog, which was then transmitted to

17   PhoneDog's users via a variety of mediums including but not limited to, PhoneDog's website and

18   PhoneDog's @PhoneDog_Noah Twitter account.

19        15.    As an employee of PhoneDog, Defendant was given use of and maintained the

20   Twitter account "@PhoneDog_Noah" (the "Account").  Defendant accessed the Account using

21   PhoneDog's Confidential Information, and used the Account to disseminate information and

22   promote PhoneDog's services on behalf of PhoneDog.

23        16.    During the course of Defendant's employment with PhoneDog, the Account

24   generated approximately 17,000 Twitter followers ("PhoneDog's Followers").  According to

25   industry standards, each Twitter follower is currently valued at approximately $2.50 per month.

26   Given the Account's approximately 17,000 followers (PhoneDog's Followers), on or about

27   October 2010, the Account had a value of approximately $42,500 per month.

28        17.    Defendant suddenly resigned his employment with PhoneDog in October 2010.

-2-

1    Following Defendant's resignation, PhoneDog requested that Defendant relinquish use of the
2    Account. Instead of relinquishing actual use of the Account, Defendant merely changed the
3    Twitter handle on the Account to "@noahkravitz". Defendant continues to use the Account,
4    under the handle @noahkravtiz.

5         18.    On information and belief, between October 2010 and December 2010, Defendant
6    free-lanced for a variety of media outlets before obtaining a full-time position with
7    TechnoBuffalo. TechnoBuffalo offers services that compete with those of PhoneDog.

8         19.    On information and belief, subsequent to resigning his employment with
9    PhoneDog, Defendant used PhoneDog's Confidential Information to access the Account.
10   Defendant has used and continues to use the Account, by way of the handle @noahkravitz, to
11   communicate with PhoneDog's Followers without PhoneDog's permission. Defendant's use of
12   the Account and communication with PhoneDog's Followers is and was done in an attempt to
13   market and advertise his services and the services of his employer.

14        20.    On information and belief, Defendant has and is attempting to discredit PhoneDog
15   and destroy the confidence that PhoneDog's users have in PhoneDog by and through Defendant's
16   use of the Account, disparaging PhoneDog.

17                                **CLAIMS FOR RELIEF**

18                               **FIRST CLAIM FOR RELIEF**

19                          **(Misappropriation of Trade Secrets)**

20        21.    PhoneDog refers to and incorporates paragraphs 1 through 20 above, as though
21   fully set forth herein.

22        22.    At all times relevant the Confidential Information constituted PhoneDog's trade
23   secrets.

24        23.    PhoneDog is informed and believes, and on that basis alleges, that within the last
25   eight months, Defendant willfully and intentionally used his employment with PhoneDog, and
26   trust, authority, and access afford to Defendant by PhoneDog, along with other improper means,
27   as such are defined in Civil Code § 3426.1(a), to obtain and misappropriate the Confidential
28   Information with the intent and desire to further his career, to use and profit from such

                                        -3-

1   information, to call on and solicit the very same users of PhoneDog's services, and to harm the
2   relationship that PhoneDog enjoys with its users and thus injure PhoneDog.  On information and
3   belief, at all relevant times, PhoneDog knew or had reason to know that the Confidential
4   Information constituted PhoneDog trade secrets.

5          24.    Among other matters, PhoneDog is informed and believes and thereon alleges that
6   Defendant has:

7          (a)    Used Defendant's knowledge of the Confidential information to access the
8   Account and communicate with PhoneDog's Followers, all in an attempt to position Defendant
9   favorably against PhoneDog and convert PhoneDog's users to Defendant's own use;

10         (b)    Made improper use of Defendant's knowledge of the Confidential
11  Information to access the Account to compete unfairly against PhoneDog for PhoneDog's existing
12  customers;

13         (c)    Devised Defendant's marketing of his and his employers' services based on
14  Defendant's knowledge of the Confidential Information; and

15         (d)    Avoided the expenditure of time and resources on locating or obtaining
16  potential users by making use of the Confidential Information to access the Account and
17  communicate with PhoneDog's Followers.

18         25.    As a proximate result of Defendant's trade secret misappropriation, PhoneDog has
19  suffered damages to its business, reputation, and goodwill, including lost users and user
20  opportunities in excess of the minimum jurisdiction of this Court.  As a further proximate result
21  of Defendant's trade secret misappropriation, Defendant was unjustly enriched by obtaining the
22  business of PhoneDog's Followers.

23         26.    PhoneDog is informed and believes and thereon alleges, that the aforementioned
24  acts by Defendant were willful and oppressive, or fraudulent, or malicious.  PhoneDog is
25  therefore entitled to punitive damages and its reasonable attorneys' fees and costs.

26         27.    Unless and until enjoined by order of this Court, Defendant will continue his
27  illegal efforts and scheme to exploit the Confidential Information.  PhoneDog has no adequate
28  remedy at law for the irreparable injuries Defendant has caused and continues to cause, including,

-4-

1   but not limited to, damage to PhoneDog's Confidential Information, business, reputation, and

2   goodwill.  The continued misappropriation by Defendant of the Confidential Information would

3   require PhoneDog to maintain a multiplicity of judicial proceedings to protect its interests.

4          WHEREFORE, PhoneDog prays for judgment as set forth below.

5                          **SECOND CLAIM FOR RELIEF**

6          **(Intentional Interference With Prospective Economic Advantage)**

7          28.    PhoneDog refers to and herein incorporates paragraphs 1 through 27 above, as

8   though fully set forth herein.

9          29.    PhoneDog has had and continues to enjoy relationships with existing and

10  prospective users of its mobile news and reviews services.  Defendant, through his former

11  employment with PhoneDog, has extensive knowledge of those relationships, including

12  PhoneDog's Confidential Information.  Defendant knows the history of PhoneDog's relationships

13  with its users in detail, including which of those relationships contain the probability of future

14  economic benefit to PhoneDog, when, and on what terms, by reasons of PhoneDog's ongoing

15  marketing of its services to these customers.

16         30.    The aforementioned conduct by Defendant was designed to disrupt, and has in fact

17  disrupted, PhoneDog's economic relationships with its existing and prospective users and has

18  adversely affected, and will continue to adversely affect, PhoneDog's ongoing relationships with

19  these users.  This conduct includes the wrongful misappropriation and use of the Confidential

20  Information by Defendant, Defendant's attempt to wrongly discredit PhoneDog in the eyes of its

21  users, and Defendant's attempt to destroy PhoneDog's customers' confidence in PhoneDog by

22  disparaging PhoneDog.  This conduct was intended to persuade PhoneDog's users to terminate

23  their existing or future relationships with PhoneDog.  Said conduct accordingly constitutes

24  interference with PhoneDog's prospective economic advantage.

25         31.    As a direct and proximate result of Defendant's acts, PhoneDog has suffered

26  damage to its business, reputation, and goodwill in excess of the minimum jurisdiction of this

27  Court.

28         32.    Defendant's aforementioned conduct was willful and oppressive, or fraudulent, or

                                    -5-

1    malicious.  PhoneDog is therefore entitled to punitive damages.

2        33.    Unless and until enjoined by order of this Court, Defendant will continue his

3    illegal efforts and scheme to interfere with PhoneDog's prospective economic advantage and

4    cause damage to its reputation and goodwill.  PhoneDog has no adequate remedy at law for the

5    irreparable injuries Defendant has caused and continues to cause, including, but not limited to,

6    damage to PhoneDog's prospective economic advantage, business, reputation, and goodwill.  The

7    continued interference by Defendant with PhoneDog's prospective economic advantage would

8    require PhoneDog to maintain a multiplicity of judicial proceedings to protect its interests.

9        WHEREFORE, PhoneDog prays for judgment as set forth below.

10                        **THIRD CLAIM FOR RELIEF**

11          **(Negligent Interference with Prospective Economic Advantage)**

12        34.    PhoneDog refers to and incorporates paragraphs 1 through 33 above, as though

13    fully set forth herein.

14        35.    Defendant knew or had reason to believe that the aforementioned conduct engaged

15    in by Defendant would affect and irreparably harm PhoneDog's economic relationships with its

16    users and that such relationships contained a probability of future economic benefit.  As alleged

17    above, Defendant did wrongfully interfere with PhoneDog's prospective economic relationships.

18        36.    As a direct and proximate result of the negligent interference, PhoneDog suffered

19    damage to its business, reputation, and goodwill in excess of the minimum jurisdiction of this

20    Court.

21        WHEREFORE, PhoneDog prays for judgment as set forth below.

22                        **FOURTH CLAIM FOR RELIEF**

23                            **(Conversion)**

24        37.    PhoneDog refers to and incorporates paragraphs 1 through 36 above, as though

25    fully set forth herein.

26        38.    At all times herein mentioned, PhoneDog was and still is, the owner of the

27    Account and was, and still is, entitled to the possession of the Account.  The Account and all

28    approximately 17,000 of PhoneDog's Followers generated by the Account, were and are the sole

-6-

1   property of PhoneDog.

2      39.   PhoneDog gave Defendant permission to use the Account during PhoneDog's

3   employment of Defendant.  Once Defendant ceased to be employed by PhoneDog, Defendant was

4   required to return the Account to PhoneDog.

5      40.   On or about October 15, 2010, upon Defendant's resignation from PhoneDog,

6   PhoneDog requested that Defendant relinquish the Account to PhoneDog.  At that point in time,

7   Defendant wrongfully converted the Account to his own use by changing the handle on the

8   Account to @noahkravtiz.  Defendant has used and continues to use the Account with the handle

9   @noahkravitz to communicate with and market his services and services of his employer to

10  PhoneDog's Followers.

11     41.   According to industry standards, each Twitter follower is currently valued at

12  approximately $2.50 per month.   Given  the  Account's  approximately  17,000  followers

13  (PhoneDog's Followers), on or about October 2010, the Account had had a value of

14  approximately $42,500 per month.

15     42.   Between the time of Defendant's conversion of the Account to his own use, and

16  the filing of this action, PhoneDog has expended time and money in the pursuit of the converted

17  Account, all to PhoneDog's further damage in an amount to be proved at trial.

18     43.   Defendant's acts alleged above were willful, wanton, malicious, and oppressive,

19  and justify the awarding of exemplary and punitive damages.

20        WHEREFORE, PhoneDog prays for judgment as set forth below.

21                        **PRAYER FOR RELIEF**

22        WHEREFORE, PhoneDog prays:

23     1.    For the First Claim for Relief for Trade Secret Misappropriation:

24        (a)    For an order requiring Defendant to show cause, if he has any, why he

25  should not be enjoined as hereinafter set forth, during the pendency of this action;

26        (b)    For  a  temporary  restraining  order,  a  preliminary  injunction,  and  a

27  permanent injunction, all enjoining Defendant and all persons acting or claiming to act under, in

28  concert with, or for Defendant, or any of them from:

-7-

1              (i)      Engaging in any solicitation of PhoneDog users;

2              (ii)      Using, copying, dealing with, disclosing, trading, and otherwise

3 exploiting or misappropriating PhoneDog's Confidential Information in order to, including, but

4 without limitation, communicate with PhoneDog's users and PhoneDog's Followers;

5              (iii)     Destroying any documents or files of any kind, actively or

6 passively, whether in written or electronic form, that relate in any way to PhoneDog's

7 employment of Defendant, the PhoneDog Confidential Information, and/or PhoneDog's actual or

8 prospective users.

9              (c)     For a temporary restraining order, a preliminary injunction, and a

10 permanent injunction, all requiring Defendant and all persons acting or claiming to act under, in

11 concert with, or for Defendant, or any of them to return all of PhoneDog's Confidential

12 Information in their custody, possession, or control to PhoneDog;

13            (d)     For general damages in the amount necessary to prevent the unjust

14 enrichment of Defendant (alternatively, if neither PhoneDog's actual damages or Defendant's

15 unjust enrichment is subject to proof, for reasonable royalties);

16            (e)     For punitive damages;

17            (f)     For reasonable attorneys' fees;

18            (g)     For all costs of suit incurred; and

19            (h)     For such other and further relief as the court may deem proper.

20    2.     For the Second Claim for Relief for Intentional Interference with Prospective

21 Economic Advantage:

22            (a)     For an order requiring Defendant to show cause, if he has any, why he

23 should not be enjoined as hereinafter set forth, during the pendency of this action;

24            (b)     For a temporary restraining order, a preliminary injunction, and a

25 permanent injunction, all enjoining Defendant and all persons acting or claiming to act under, in

26 concert with, or for Defendant, or any of them from:

27              (i)      Using the Account to solicit PhoneDog's users;

28              (ii)      Using, copying, dealing with, disclosing, trading, and otherwise

-8-

1   exploiting or misappropriating PhoneDog's Confidential Information to, including, but without

2   limitation, communicate with PhoneDog's users and PhoneDog's Followers;

3          (iii)     Destroying any documents or files of any kind, actively or

4   passively, whether in written or electronic form, that relate in any way to PhoneDog's

5   employment of Defendant, PhoneDog's Confidential Information, and/or PhoneDog's actual or

6   prospective clients.

7          (c)    For a temporary restraining order, a preliminary injunction, and a

8   permanent injunction, all requiring Defendant and all persons acting or claiming to act under, in

9   concert with, or for Defendant, or any of them to return all of PhoneDog's Confidential

10  Information in their custody, possession, or control to PhoneDog;

11         (d)    For general damages;

12         (e)    For punitive damages;

13         (f)    For all costs of suit incurred; and

14         (g)    For such other and further relief as the court may deem proper.

15  3.    For the Third Claim for Relief for Negligent Interference with Prospective

16  Economic Advantage:

17         (a)    For general damages;

18         (b)    For all costs of suit incurred; and

19         (c)    For such other and further relief as the court may deem proper.

20  4.    For the Fourth Claim for Relief For Conversion:

21         (a)    For the value of the property converted;

22         (b)    For the interest at the legal rate on the foregoing sum pursuant to Section

23  336 of the Civil Code, from and after October 15, 2010;

24         (c)    For damages for the proximate and foreseeable loss resulting from

25  defendant's conversion in the sum of $340,000 (17,000 twitter followers, each worth

26  $2.50/month, for 8 months);

27         (d)    For interest at the legal rate on the foregoing sum pursuant to Section

28  3287(a) of the Civil Code, from and after October 15, 2010;

-9-

1    (e)    For damages for time and money properly expended in pursuit of the

2    converted property in an amount to be proved at trial;

3        (f)    For punitive and exemplary damages;

4        (g)    For costs of suit herein incurred; and

5        (h)    For such other and further relief as the court may deem proper.

6    Dated: July 15, 2011                    DONAHUE GALLAGHER WOODS LLP

7

8                            By: _____

9                                John C. Kirke
                                 Attorneys for Plaintiff
10                               PHONEDOG, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-

1

## **DEMAND FOR JURY TRIAL**

2     Pursuant to Federal Rule of Civil Procedure 38 and local rule 38-201, Plaintiff hereby

3 demands trial by jury.

4 Dated: July 15, 2011            DONAHUE GALLAGHER WOODS LLP

5

6                    By:_____

7                        John C. Kirke
                       Attorneys for Plaintiff

8                        PHONEDOG, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-