| | |
|---|---|
| 1 | JOHN C. KIRKE, #175055 |
| 2 | SOPHIA E.C. SCHWARTZ, #272915<br>DONAHUE GALLAGHER WOODS LLP |
| 3 | Attorneys at Law<br>1999 Harrison Street, 25th Floor |
| 4 | Oakland, California  94612-3520<br>P.O. Box 12979 |
| 5 | Oakland, California  94604-2979<br>Telephone:     (510) 451-0544 |
| 6 | Facsimile:      (510) 832-1486 |
| 7 | Attorneys for Plaintiff<br>PHONEDOG, LLC |
| 8 | CARY KLETTER |
| 9 | SALLY NGUYEN<br>KLETTER LAW FIRM |
| 10 | Attorneys at Law<br>1900 S. Norfolk Street, Suite 350 |
| 11 | San Mateo, California  94403<br>Telephone:     415.434.3400 |
| 12 | Attorneys for Defendant |
| 13 | NOAH KRAVITZ |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHONEDOG, LLC, a Delaware corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>NOAH KRAVITZ, an individual,<br><br>            Defendant. | CASE NO.  3:11-cv-03474-MEJ<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     October 27, 2011<br>Time:    10:00 a.m.<br>Ctrm:    B, 15th Floor, SF<br>Judge:   Hon. Maria Elena James |

Pursuant to Civil L.R. 16-9, the Order Setting Initial Case Management Conference and ADR Deadlines (DKT. 2), the Standing Order for All Judges of the Northern District of California–Contents of Joint Case Management Statement, and this Court's Order Setting Case Management Conference, Plaintiff PhoneDog LLC ("PhoneDog") and Defendant Noah Kravitz ("Kravitz").

1. Jurisdiction and Service.

Kravitz has been served.

Plaintiff's Position Regarding Jurisdiction

The basis for the Court's jurisdiction over the claims is 28 U.S.C. § 1332(a).

Kravitz's Position Regarding Jurisdiction

This Court lacks jurisdiction because the amount in controversy is far less than $75,000. Kravitz filed a Motion to Dismiss because the amount in controversy is less than $75,000, and in its opposition, Plaintiff failed to substantiate with competent evidence that the amount in controversy is in excess of $75,000. Accordingly, Kravitz's Motion to Dismiss based upon lack of jurisdiction should be granted.

2. Plaintiff's Statement.

Each month, PhoneDog's website attracts approximately 1.5 million users, and its videos reach an average audience of 3 million viewers per month. PhoneDog uses a variety of social media, including Twitter, to market and promote its services. PhoneDog engaged Kravitz as a product reviewer and video blogger in April 2006. As part of Kravitz 's work for PhoneDog, Kravitz submitted written and video content to PhoneDog, which was then transmitted to PhoneDog's users via a variety of mediums such as PhoneDog's website and PhoneDog's Twitter accounts. Further, PhoneDog granted Kravitz use of a Twitter account with the twitter handle @PhoneDog_Noah (the "Account") to use in connection with his work for PhoneDog. Kravitz accessed the Account using a password that constitutes PhoneDog's trade secret and submitted content to the Account in an effort to promote PhoneDog's services. During Kravitz's employment with PhoneDog, the Account generated approximately 17,000 followers (the "Followers").

1    After Kravitz suddenly left PhoneDog in October 2010, he continued to use the Account (albeit with a different Twitter handle) to communicate with PhoneDog's followers, promoting both his services and the services of his new employer, without PhoneDog's permission. As a result of Kravitz 's unauthorized use of the Account, PhoneDog has suffered damages in the amount of at least $340,000.

3.    Kravitz 's Statement.

Kravitz initially worked for Plaintiff as an independent contractor freelance journalist, later as an employee editor and manager and later still as a partner in the business. Kravitz was not paid in full as agreed by the parties, so on June 8, 2011 (prior to Plaintiff herein filing suit), Kravitz filed suit against Plaintiff in Alameda County Superior Court. After that suit was filed, Plaintiff herein filed this suit, which lacks merit, in an improper effort to forum shop and to attempt to create leverage against Kravitz in the State Court litigation. Plaintiff's claims in this case completely lack merit. For example, Plaintiff claims that it "granted Kravitz use of a twitter account". That allegation is entirely without merit. PhoneDog has never had control of Kravitz' twitter account (the "Account") at anytime. Kravitz created it, controlled all content on the twitter account at all times, and created, maintained at all times and had exclusive use of the password. Kravitz tweeted about his favorite TV show, sports teams he follows, rock concerts and a host of other non-PhoneDog related issues. In fact, after Kravitz left PhoneDog, Tom Klein, the remaining partner, talked with Kravitz about Kravitz continued use of the Account, and Klein asked Kravitz if Kravitz would post information onto the Account for PhoneDog, and Kravitz agreed to do so as a courtesy to Klein. The Account was never the property of PhoneDog, in fact, according to the Twitter Terms of Use, Twitter accounts cannot be bought or sold and they are all owned by Twitter. Plaintiff's allegation in the Complaint that it has suffered damages in excess of $75,000 because of the value of the Account's followers is baseless. The account cannot be bought or sold, and has no monetary value. Similarly the Account followers are people (like TV viewers) who also cannot be bought or sold. Plaintiff's allegation that Kravitz committed theft of trade secrets is without merit. Kravitz was a freelance journalist, he pushed his content over his Twitter account, the followers are available for all to see at all times, they are not "secret". The

1  password was only known by Kravitz at all times, and was not a "secret" PhoneDog was ever
2  aware of.

3     4. <u>Plaintiff's Legal Issues</u>. PhoneDog has alleged (a) interference with prospective
4  economic advantage in connection with defendant Kravitz' wrongful interference with Twitter
5  followers and PhoneDog's advertisers; and (b) defendant Kravitz' misappropriation and
6  conversion of the the Twitter account and the password for the Twitter account.

7     5. <u>Defendants' Legal Issues</u>. There are no allegations regarding interference with
8  advertisers in the Complaint on file. All of Plaintiff's allegations fail as a matter of law.

9     6. <u>Motions</u>. Kravitz motion to dismiss is under submission.

10     7. <u>Amendment of Pleadings</u>. Plaintiff PhoneDog may amend the Complaint.
11  Plaintiff does not believe that a specific deadline for amendment of the pleadings is necessary.
12  Kravitz believes that a deadline for amending the Complaint within 30 days of the Case
13  Management Conference would be appropriate.

14     8. <u>Evidence Preservation</u>. The parties have issued evidence preservation instructions
15  to parties that may have relevant evidence.

16     9. <u>Disclosures</u>. Initial disclosures are to be completed by October 25, 2011.

17     10. <u>Discovery</u>.

18     (a) PhoneDog's Statement.

19     (i) PhoneDog will need to take the deposition of Noah Kravitz and
20  representatives of his current employer.

21     (ii) PhoneDog does not believe that it will be necessary to deviated
22  from the limits on the number of depositions or on written discovery.

23     (b) Kravitz Statement.

24     (i) Kravitz will take the deposition of Tom Klein and other PhoneDog
25  employees. Those depositions must take place within this District, and Kravitz requests that the
26  Case Management Conference Order reflect that. PhoneDog has no legitimate reason to depose
27  Kravitz current employer, and seeks to do so solely to harass and annoy Kravitz and to attempt to
28  gain advantage over Kravitz in the pending Alameda County Superior Court case. Kravitz

-3-

requests that the Case Management Order specify that PhoneDog cannot depose Kravitz' current employer without filing a motion demonstrating why such a deposition is warranted.

    (ii) Kravitz believes 50 interrogatories per party is warranted based on the number of claims made by Plaintiff in this case.

  11. <u>Class Actions</u>. This is not a class action.

  12. <u>Related Cases</u>. There are no other cases the identical parties. However, State of California Alameda County Superior Court Case No. RG11-579535 involves PhoneDog, Kravitz and Tom Klein, a South Carolina resident.

  13. <u>Relief</u>. PhoneDog has requested (1) an injunction as to the ongoing misappropriation, (2) compensatory and punitive damages; and (3) reasonable attorneys' fees and costs.

  Defendant denies that plaintiff is entitled to any relief.

  14. <u>Settlement and ADR</u>. The Parties have a telephonic ADR conference scheduled for October 25, 2011, and will proceed to ENE or mediation.

  15. <u>Consent to Magistrate Judge for All Purposes</u>. The parties have agreed to consent to a Magistrate Judge for all purposes.

  16. <u>Other references</u>. This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

  17. <u>Narrowing of Issues</u>. The parties agree to narrow factual issues by stipulation and/or through requests for admission. In addition, the parties agree to streamline the presentation of evidence at trial by stipulating to the authenticity of certain documents and exhibits.

  18. <u>Expedited Schedule</u>. The parties do not believe that this case may be handled on an expedited basis with streamlined procedures.

  19. <u>Scheduling</u>.

    (a) The parties propose the following schedule: non-expert discovery cutoff on May 25, 2012; non-rebuttal expert witness designations and expert reports on June 29, 2012; rebuttal expert reports on July 27, 2012; expert discovery deadline on August 17, 2012;

-4-

JOINT CASE MANAGEMENT STATEMENT    Case No. 11-cv-03474-MEJ

1 | dispositive motion filing deadline on September 28, 2012, Pretrial Conference on January 11,
2 | 2013; and Trial on January 28, 2013.

3     20.    Trial: The parties have requested a jury trial and estimate 5 days of trial.

4 | Dated: October 20, 2011      DONAHUE GALLAGHER WOODS LLP

6                                  By: _____
7                                  John C. Kirke
                                   Attorneys for Plaintiff
8                                  PHONEDOG, LLC

9 | Dated: October 20, 2011      KLETTER LAW FIRM

11                                  By: _____
12                                  ~~Gary Kletter~~ Sally Trung Nguyen
                                   Attorneys for Defendant
13                                  NOAH KRAVITZ